Resias POLYCARPE and Reynold Sully and all others similarly situated, Plaintiffs,

v.

E & S LANDSCAPING SERVICE, INC. and Ernst Mayard, Defendants.

No. 07–23223–CV–JLK.

United States District Court, S.D. Florida, Miami Division.

Aug. 25, 2011.

Jason S. Remer, Remer & Georges P.A., Miami, FL, for Plaintiffs.

Chris Kleppin, Kristopher W. Zinchiak, Glasser, Boreth & Kleppin, P.A., Plantation, FL, for Defendants.

### ORDER DENYING DEFENDANTS' MOTION (DE # 53) AND DENYING PLAINTIFFS' MOTION FOR PROTECTIVE ORDER (DE # 56)

JAMES LAWRENCE KING, District Judge.

**THIS MATTER** comes before the Court on Defendants' Motion (DE # 53), filed August 17, 2011, seeking involuntary dismissal, sanctions, an order to compel depositions, and an order of contempt based on the Plaintiffs' failure to appear for noticed depositions. The above-styled case was originally filed in this Court in 2007. During that time, both sides engaged in discovery, including depositions of the relevant parties. After this Court granted summary judgment in favor of the defendants (DE # 24), the Eleventh Circuit Court of Appeals vacated the order for summary judgment and remanded the case back to this Court. This Court entered an order re-opening the case (DE # 44) on March 18, 2011. Defendants now seek to take a second round of depositions of the two Plaintiffs, Polycarpe and Sully.

In support of their present Motion for sanctions, Defendants argue that the parties had agreed to a second round of depositions, as evidenced by each parties' noticing of a second round of depositions. On July 22, 2011, Plaintiffs noticed Defendant Mayard for a deposition, and on July 27, 2011, the Defendants noticed Plaintiffs Polycarpe and Sully for depositions (DE # 53, Ex. 1). On August 8, 2011, Plaintiffs took the second deposition of Defendant Mayard per the notice. The following day, Plaintiffs' counsel e-mailed Defense counsel that the Plaintiffs would not appear for the noticed depositions scheduled for August 11, 2011 (DE# 53, Ex. 2), and the Plaintiffs in fact did not appear for the noticed depositions (DE # 53, Ex. 3). In their Response (DE # 55), Plaintiffs argue that additional depositions may be taken only with leave of court, which Defendants did not obtain. Plaintiffs also filed a Motion for Protective Order (DE # 56).[1]

Plaintiffs are correct that the Federal Rules of Civil Procedure require leave of court to take more than one deposition of a party. Fed. R. Civ. Pro. Rule 30(a)(2)(A)(ii).[2] The relevant sections of Rule 30 also state that leave of court is unnecessary if the parties have stipulated to the additional depositions. *Id.* Here, neither party has sought leave of this Court to take the additional depositions, and the parties have not filed a stipulation with the Court Neverthe-less, the Court finds that the cross-noticing of depositions qualifies as an implied stipulation among the parties for additional discovery in this matter, Pursuant to this implied stipulation, Plaintiffs took the deposition of Defendant Mayard on August 8, 2011. Now Plaintiffs must fulfill their obligations under the implied stipulation and submit to depositions by the scheduled discovery deadline of August 31, 2011.

Accordingly, having considered the parties' filings and being otherwise advised, it is hereby **ORDERED, ADJUDGED, and DECREED** that:

1. Defendants' Motion (DE # 53) be, and the same is hereby, DENIED without prejudice. Defendants may renew the Motion for Sanctions to seek costs after close of trial.

2. Plaintiffs' Motion for Protective Order (DE # 56) be, and the same is hereby, **DENIED.** Plaintiffs SHALL submit to depositions by the scheduled discovery deadline of *August 31, 2011.*

---

1. Plaintiffs filed a single document that purports to be both a Response to Defendants' Motion (DE # 55) and a Motion for Protective Order (DE # 56). This document is posted twice on the docket, both as entry # 55 for the Response, as well as entry # 56 for the Motion. Accordingly, this Order refers to the dual entry of the document and its respective designations in this manner.

2. Plaintiffs actually cite to Rule 30(a)(2)(B), which applies exclusively to incarcerated deponents (DE # 55, at ¶¶ 3 & 9). Nevertheless, it is apparent from the underlying facts that Rule 30(a)(2)(A)(ii) applies, which refers to multiple depositions of a single deponent.